UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

WADE ANDERSON,

    Plaintiff,

v.                                  Case No. **8:06-cv-1944-T-17-TBM**

LOTUS CARS USA, INC.,

    Defendant.
_____/

## ORDER ON MOTION TO REMAND AND REQUEST FOR ATTORNEY FEES AND COSTS

    This cause comes before the Court on Plaintiff's, Wade Anderson's, Motion to Remand and for Attorney's Fees and Costs, filed on October 25, 2006 (Dkt. 5), Defendant's, Lotus Cars USA, Inc.'s, Response Opposing Plaintiff's Motion to Remand and Request for Attorney Fees and Costs, filed on November 6, 1996 (Dkt. 8), Defendant's Motion to Dismiss Count II of the Complaint, filed on October 27, 2006 (Dkt. 6), and Plaintiff's Response (Dkt. 8).
For the reasons set forth below, Plaintiff's Motion to Remand and for Attorney's Fees and Costs is **GRANTED**, and Defendant's Motion to Dismiss is thereby made moot.

## Procedural History

    Plaintiff initially filed this action in the Circuit Court of the Sixth Judicial Circuit in and for Pinellas County, Florida on August 3, 2006 asserting claims of breach of express and implied warranties related to the purchase of a vehicle under the Magnuson-Moss Warranty Improvement Act, 15 U.S.C. §§ 2310, *et seq.* (hereinafter "Magnuson-Moss"). (Dkt. 2). The Defendant filed a Notice of Removal to this Court pursuant to 28 U.S.C. § 1441(b) on October 20, 2006, asserting federal question jurisdiction under Magnuson-Moss. (Dkt. 1). Plaintiff then filed a Motion to Remand and Request for Attorney Fees and Costs on October 25, 2006. (Dkt. 5). Defendant filed a Response in Opposition to Plaintiff's Motion to Remand and for Attorney

1

Fees and Costs on November 6, 2006. (Dkt. 9). Defendant also filed a Motion to Dismiss Count II on October 27, 2006 (Dkt. 6), to which Plaintiff responded on November 2, 2006 (Dkt. 8).

## STANDARD OF REVIEW

The plaintiff is the master of his complaint and is free to choose federal or state jurisdiction. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). However, removal of a civil case to federal jurisdiction can be effected by the defendant pursuant to 28 U.S.C. § 1441. The burden of demonstrating that a federal district court has jurisdiction is on the defendant seeking removal. *Calbaceta v. Standard Fruit Co.*, 883 F.2d 1553, 1561 (11th Cir. 1989). A federal district court must remand to state court any case that was removed improperly or without necessary jurisdiction. *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994). The removal statutes must be narrowly construed, and uncertainties are to be resolved in favor of remand. *Whitt v. Sherman Int'l Corp.*, 147 F.3d 1325, 1329 (11th Cir. 1998). *See also Owen Equip. and Erection Co. v. Kroger*, 437 U.S. 365 (1978).

## DISCUSSION

Defendant removed this case asserting that, under 28 U.S.C. § 1331, federal question jurisdiction exists because Plaintiff seeks relief under the Magnuson-Moss Warranty Improvement Act, 15 U.S.C. §§ 2310, *et seq.* (Dkt. 1). In order for a federal court to exercise jurisdiction of a claim under the Magnuson-Moss Warranty Act, the amount in controversy must be at least $50,000.00, exclusive of interests and costs.[1] 15 U.S.C. § 2310(d). Plaintiff

---

[1] The Magnuson-Moss Warranty Act provides in pertinent part:
    (1)[A] consumer who is damaged by the failure of a supplier, warrantor, or service contractor to comply with any obligation under this chapter, or under a written warranty, implied warranty, or service contract, may bring suit for damages and other legal and equitable relief –
        (A) in any court of competent jurisdiction in any State or the District of Columbia; or
        (B) in an appropriate district court of the United States, subject to paragraph (3) of this subsection.
    . . . . .
    (3) No claim shall be cognizable in a suit brought under paragraph (1)(B) of this subsection –
        (B) if the amount in controversy is less than the sum or value of $50,000 (exclusive of interests and costs) computed on the basis of all claims to be determined in this suit. . .
15 U.S.C. § 2310(d).

challenges removal and argues that his damages do not meet the jurisdictional requirement of $50,000.00. (Dkt. 5).

Plaintiff failed to specify any amount of damages in his Complaint. (Dkt. 2). His Complaint states only that his damages are in excess of $15,000.00. (Dkt. 2). In the *ad damnum* clauses, Plaintiff seeks "the difference in value of vehicle as promised and as actually delivered" and "consequential, incidental and actual damages." (Dkt. 2, p. 8,9).

Defendant has the burden of proving the existence of federal jurisdiction. *See Calbaceta*, 883 F.2d at 1561; *see also Burns*, 31 F.3d at 1095. "Where a plaintiff makes an unspecified claim for damages, the defendant must prove the amount in controversy <u>by a preponderance of the evidence</u>." *Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353, 1357 (11th Cir. 1996), *overruled on other grounds by Cohen v. Office Depot*, 204 F.3d 1069 (11th Cir. 2000) (emphasis added). The Eleventh Circuit has held that "a district court may properly consider post-removal evidence in determining whether the jurisdictional amount was satisfied at the time of removal." *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001) (citing *Sierminski v. Transouth Fin. Corp.*, 216 F.3d 945, 949 (11th Cir. 2000). A conclusory allegation in the notice of removal without setting forth underlying facts supporting such an assertion is insufficient to meet the defendant's burden. *Id.* Further, a plaintiff's refusal to stipulate that her claims do not exceed the jurisdictional requirement, standing alone, does not satisfy the defendant's burden of proof. *Id.* at 1320. Therefore, the Defendant must demonstrate by a preponderance of the evidence, that the amount in controversy more likely than not exceeds the $50,000.00 jurisdictional requirement. *Tapscott*, 77 F.3d at 1357.

While Defendant insists that the Complaint meets the Magnuson-Moss requirements for federal jurisdiction, the Defendant fails to provide evidence to support its assertion that the damages will be at least equal to $50,000.00. The Defendant's Notice of Removal does not provide evidentiary support sufficient to demonstrate the amount in controversy. Further, the Defendant had the opportunity to provide such evidence in his Response to Plaintiff's Motion to Remand, and again failed to substantiate his assertion with evidence of the amount in controversy.

Defendant claims that amount in controversy exceeds $50,000.00 based on Plaintiff's Complaint. (Dkt. 9). Defendant relies primarily on the cost of the car which it estimates at

$52,187.58.[2] However, Plaintiff does not seek to recover the value of the car; he seeks "the difference in value of vehicle as promised and as actually delivered." (Dkt. 2). The Defendant fails to provide any evidence as to the residual cost of the vehicle so as to provide an estimate of damages. As to incidental and consequential damages, Defendant relies on the conclusory statement alone that "*any* amount" of consequential and incidental damages "makes it more likely than not that the amount in controversy exceeds the jurisdiction requirement." (Dkt. 9). Further, Defendant calls attention to the lack of evidence provided by Plaintiff as to the amount of damages, as well as Plaintiff's refusal to stipulate damages.[3] The Court reminds Defendant that it is Defendant, and not Plaintiff, who has the burden of demonstrating that the damage claims meet jurisdictional requirements for the amount in controversy. As stated above, such conclusory statements, unsupported by any evidence as to the value of damages, are insufficient to satisfy the preponderance of the evidence standard.

## ATTORNEYS FEES AND COSTS

Plaintiff seeks reimbursement of attorney's fees and costs pursuant to 28 U.S.C. § 1447(c). The award of attorney's fees and costs under this section is discretionary with the trial court. *IMCO USA, Inc. v. Title Ins. Co. of Minn.*, 729 F.Supp. 1322, 1324 (M.D. Fla. 1990). "Absent unusual circumstances, attorney's fees should not be awarded under § 1447(c) when the removing party has an objectively reasonable basis for removal." *Martin v. Franklin Capital*

---

[2] Defendant and Plaintiff disagree as to the cost of the vehicle. Plaintiff asserts that it is $48,490.00, while Defendant insists that the cost of the vehicle was $52,187.58. Plaintiff's estimate does not include taxes and title. Defendant correctly argues that the correct measure of the cost of the vehicle for purposes of calculating damages under Magnuson-Moss includes tax and title. *See Boyd v. Homes of Legend, Inc.*, 188 F.3d 1294, 1298 (11th Cir. 1999); Florida Stat. § 520.31(2). However, this disagreement over the cost of the price is inconsequential due to the lack of evidence as to the residual value of the car and the incidental and consequential damages.

[3] Plaintiff does not provide any evidence of the residual value of the vehicle or any estimates as to the amount of incidental and consequential damages in his Motion to Remand. (Dkt. 5).

*Corp.*, 546 U.S. 132, 126 S.Ct. 704, 711 (2005).  The Court finds that Defendant had a reasonable basis for removal, but failed to demonstrate that jurisdiction was appropriate by a preponderance of the evidence.  Therefore, an award of attorney's fees to Plaintiff is unwarranted.  Accordingly, it is

**ORDERED** that the Plaintiff's Motion to Remand be **GRANTED**, award of attorney's fees be **DENIED**, the Motion to Dismiss be found to be moot, and the Clerk of the Court is **DIRECTED** to remand this case to the Circuit Court of the Sixth Judicial Circuit in Pinellas County, Florida.  The Clerk of Court shall close this case and terminate all pending motions.

**DONE AND ORDERED** in Chambers in Tampa, Florida, this 26th day of April  2007.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies to: All parties and counsel of record